UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HALL,

     Plaintiff,

v.

BLAKE NAVARRE, et al.,

     Defendants.

Case No. 21-12970
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO
STRIKE THE SUPPLEMENTAL COMPLAINT [38]**

---

Timothy Hall says that in August 2020, he was arrested for disorderly conduct and obstructing justice in Detroit during the nationwide protests in response to the murder of George Floyd. Hall alleged that Detroit police officer Blake Navarre used excessive force against him. (ECF No. 1, PageID.8–13.) And he alleged that Navarre and two other Detroit police officers, Co'Vosiee Cowan and Timothy Barr, unreasonably searched and arrested him in violation of the Fourth Amendment. (*Id.*) He also alleged that the three police officers participated in his criminal prosecution without probable cause in violation of the Fourth Amendment and state law (*id.* at PageID.13–15, 17–18) and denied him due process under the Fifth and Fourteenth Amendments (*id.* at PageID.15–17).

After a bit of a convoluted procedural history and Plaintiff's strategic circumvention of a prior ruling of this Court, Defendants have moved the Court to

strike Hall's "supplemental" complaint against the City. (ECF No. 38.) The Court finds that there is no legal basis to do so and DENIES the motion.

## I.

A recap of the procedural history in this case sets the stage for the dispute.

In February, the Court held a routine scheduling conference with counsel for Hall and counsel from the City of Detroit Law Department who were representing Barr, Cowan, and Navarre at the time. (ECF No. 12.) During that scheduling conference, the parties indicated they were amenable to participating in an early settlement conference, so the Court adjourned the conference to allow the parties to engage in these negotiations. (*See* Feb. 14, 2022 minute entry.) The settlement conference, however, was unsuccessful. (*See* April 20, 2022 minute entry.)

After the settlement conference, two things happened. First, the Court entered a stipulated order substituting the law firm of Tesija Catenacci McDonald & Baas, PLLC as counsel for Navarre. (ECF No. 19.) Second, Hall filed a motion to amend or correct the complaint. (ECF No. 21.) The proposed amended complaint added a retaliation claim against all defendants and, significant to the pending motion, also added the City of Detroit as a defendant. (*See generally* ECF No. 21-2.) Defendants opposed this motion. (ECF Nos. 22, 23.)

The Court granted Hall's motion in part. (ECF No. 25.) It gave Hall leave to add a retaliation claim against the already-named defendants. But it denied leave to add the City as a defendant because of undue delay and prejudice. The Court noted that Hall "has not explained why he waited five months after filing the initial

2

complaint to amend it[.]" (ECF No. 25, PageID.248.) Nor was the justification for the delay obvious from the nature of the new allegations. (*Id.*) As for prejudice, the Court found that "there is some evidence supporting Defendants' argument that Hall only amended the complaint after learning that the City would not be indemnifying Navarre, who was the central actor in Hall's detention. To keep the City involved in the suit, Hall decided to amend the complaint." (ECF No. 25, PageID.249–250.) "If this is true," the Court continued, "Defendants would be prejudiced by Hall's proposed amendment. And there may be further prejudice to Defendants from Hall relying on other information divulged during the settlement negotiations if he is allowed to litigate the retaliation claim against the City." (*Id.*)

Sometime after this order was entered, Hall filed a complaint in Wayne County Circuit Court against the City arising from the same events as the claims in this case. The City removed the case to federal court. The case was reassigned to the undersigned and later consolidated with this case per a stipulated order. (*See* ECF No. 35.) The complaint for the removed case—which Hall calls the "supplemental complaint"—has not been docketed in this case.

## II.

Now, Cowan, Barr, and the City move to strike the supplemental complaint. (*See* ECF No. 38.) The motion is premised on the argument that "the Supplemental Complaint does nothing but effectively invalidate the Honorable Court's Ruling on June 10, 2022" on the motion to amend. (*Id.* at PageID.475.)

As the Court stated in its previous order, it is troubled by the timeline of events surrounding Hall's motion to amend the complaint. (*See* ECF No. 25, PageID.249.) Nevertheless, none of the three bases the City provides for striking the complaint justify the Court doing so. So the Court will not strike the complaint.

### A. Rule 12(f)

Start with Federal Rule of Civil Procedure 12(f), which states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Sixth Circuit has recently found that "[m]otions to strike are viewed with disfavor and are not frequently granted. Indeed, 'federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits.'" *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) (quoting in part 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. Apr. 2022 update)). Recognizing the Sixth Circuit's concerns, the Court is reluctant to strike Hall's *Monell* claim against the City because of its previous finding of prejudice. Because Hall's *Monell* claim involves "substantial issues of law" Defendants must resort to something other than Rule 12(f) to contest this claim.

Defendants specifically emphasize the "redundant" part of Rule 12(f). (ECF No. 28, PageID.458.) But the allegations against the City are not redundant. They may arise from the same events as the claims against the individual officers, but they

4

amount to a different claim against the City under *Monell*. Indeed, they are the only way to hold the City liable. They have a specific purpose that is not met by the other allegations and thus, are not redundant. So Rule 12(f) does not support striking the allegations against the City.

## B. Law of the Case

Defendants next argue that Hall's complaint against the City is "inapposite to the law of the case" because of the Court's previous order denying leave to amend the complaint.

True, Halls' complaint against the City does bypass the Court's previous ruling as now he is able to litigate the same *Monell* claim he was not permitted to add. Nothing in the Court's prior ruling, however, addressed the viability of the *Monell* claim. The Court did not evaluate the *Monell* claim for sufficiency under Rule 12(b)(6), nor did it consider any affirmative defense, like the statute of limitations, that would bar the Court from reaching the merits of such claim. Instead, the Court merely found that under Federal Rule of Civil Procedure 15, Defendants would be prejudiced by the addition of the City because of their willingness to engage in an early settlement conference. (*See* ECF No. 25.) Or in other words, the Court considered whether this was a situation where it should give leave because "justice so requires," and found that it was not. *See* Fed. R. Civ. P. 15(a)(2). The City does not present any argument for why a finding of prejudice in the context of amending the complaint would suffice as a reason to essentially dismiss a different complaint, and the Court has not identified any support for doing so in these circumstances. *See Twaddle v. Diem*, 200

F. App'x 435, 438–39 (6th Cir. 2006) (finding that the two cases were not identical, and thus, reversed dismissal of the second complaint because "there was no violation of a court order, no grounds for dismissal for nonjoinder, and no basis to conclude that the cases were duplicative").

So as it stands (assuming that the Court's order in this case is the "law of the case" for the consolidated case), all that has been decided is that Hall's proposed amendment would prejudice Defendants. But prejudice alone cannot justify barring Hall from filing a new complaint (which the City removed to federal court and moved to consolidate with this case) against the City, assuming there is no other reason to dismiss the claims. So Defendants' citation to law of the case also does not persuade the Court to grant their motion.

### C. Rule 21

The final argument in the City's motion is Federal Rule of Civil Procedure 21, which states that in the event of misjoinder, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." In other words, Rule 21 details how the Court may remedy misjoinder. To determine whether a party has been improperly joined to the action, however, the Court uses Federal Rule of Civil Procedure 20.

As an initial matter, it is not clear that the City is "joined" as a party to this action such that misjoinder has occurred and Rule 21 would apply. The case against the City was consolidated with this case under Federal Rule of Civil Procedure 42. And it is well established that consolidation under Rule 42 does not result in the cases becoming one. *See Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (explaining that before

Rule 42, consolidation was understood to be "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another" and that Rule 42 "did not purport to alter the settled understanding of the consequences of consolidation"); *see also Johnson v. Barney*, No. 1:21-cv-141, 2021 WL 7184242, at *3 (S.D. Ohio Dec. 16, 2021) (same) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998)).

Even assuming that Rule 21 can apply to consolidated cases, the Court finds no "just terms" upon which it could "drop" the City from the case. *See* Fed. R. Civ. P. 21. The claim against the City arises "out of the same . . . occurrence" as the claims against the individual officers such that it does not offend Federal Rule of Civil Procedure 20. So no misjoinder occurred for the Court to remedy via Rule 21, and therefore it is not a basis to grant Defendants' motion.

## III.

For the reasons given, Defendants' motion to strike the supplemental complaint is DENIED (ECF No. 38).

SO ORDERED.

Dated: October 6, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE